The opinion of the Court was delivered by
Munro, J.
In the former suit between these parties, referred to 'in the circuit report, and reported *in 7 Rich. 528, the single issue was, as to the authority of one Boyd to execute, on behalf of his principals, the notes which were the cause of action. This issue was resolved by the jury in favor of the defendants, and on appeal, this Court declined to disturb the verdict.
*452 The present action was brought upon the open account, which had been so liquidated by the above-mentioned notes, and the former recovery was pleaded in bar, which plea the presiding Judge overruled; which ruling is now assigned as error.
There can be no question of the general principle, that the giving and acceptance of a higher security extinguishes the lesser, nor of its correlative, that a security is not extinguished by one of the same rank, unless the latter be accepted expressly as payment, or produces payment ;(a) or unless the creditor part with the note, or bill which had been delivered to him in payment.(b) A promissory note, is not, therefore, an absolute extinguishment of a simple contract, but only sub modo, and if the note be produced at the trial, or, as was the case here, the note is adjudged to be invalid, the right of action remains on the original contract. It is true the creditor’s remedy on the original contract may be postponed until the maturity "of the new one, but after that period has elapsed a recovery on either is a bar to a recovery on the other — it by no means follows, however, that the converse of the rule is true, as is here asserted. The rule on the subject appears to be this ; that a plaintiff cannot bring a fresh suit while the former action is pending, or after it has been determined by a verdict; upon the familiar principle, that where the same point has been litigated, and decided by a Court of competent jurisdiction, it cannot be again called in question ; so that to render a former recovery conclusive as an estoppel, it is indispensable that the verdict should be between the same parties, and upon the same point which was put in issue upon the record, and directly found by the jury. Duchess of Kingston’s case, 20 State Trials, 538; Davis vs. Murphy, 2 Rich. 560.
It is true that in both these actions, the parties were the same, but it is equally true that the matters directly in issue, *453 and passed upon by the jury, were widely different: in the former suit the notes were the cause of action, and the point directly in issue before the Court, was the authority of the supposed agent, who executed the notes to bind his principals; while here, the cause of action is the open'account. In Eastman vs. Cooper, (15 Pick. 276,) the action was against O. G. & R. as co-partners, upon seven promissory notes purporting to have been made by them as co-partners; two of them, C. & G., pleaded in bar, and in estoppel, that a former action had been brought upon a note, which they alleged had been given by their co-partner R., as a substitute for, and in consideration of the seven notes sued on, and that the seven notes had been made by R. for his private use, and in fraud of his co-partners G. & G., and that this was known to the plaintiffs, and that these facts had been put in issue in the former trial, and that a verdict had been rendered in favor of C. & G. It was held, that the former judgment was not for the same cause of action; and that although the validity of the seven notes, was in effect tried, yet it was a question collateral to the issue, and consequently the former judgment could not be pleaded in bar. Held also, that the former judgment could not be pleaded as an estoppel, as the same point was not put in issue upon the record, and directly found by the jury.
We are therefore of opinion, that the ruling of the Circuit Judge was correct, and as the appellants’ motion is neither sustained by law, nor by good morals, the motion must be dismissed, and it is accordingly so ordered.
O’Neall, Wardlaw, Withers, Whitner and Glover, JJ., concurred.

Appeal dismissed.

 2 Rich. 244.

 8 Cowen, 77.